| | |
|---|---|
| TANNER ZABIK<br>28781 Halecreek St.<br>Romulus, MI 48174<br><br>on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CONTINENT 8 TECHNOLOGIES<br>c/o Business Filings, Inc.<br>40600 Ann Arbor Road East, Suite 201<br>Plymouth, MI 48170<br><br>    Defendant. | Case No.<br><br>Judge<br><br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Tanner Zabik by and through undersigned counsel, and for his Complaint against Defendant Continent 8 Technologies states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly situated employees, wages for all hours worked, including overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), et seq.

3. The Court has personal jurisdiction over Defendant because its principal place of business is in Michigan.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

1. At all material times, Plaintiff was a resident of Romulus, Michigan.

2. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

3. At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

4. At all material times, Defendant is and was a corporation headquartered in Fort Lauderdale, Florida with a business location in Southfield, Michigan.

5. At all material times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

6. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r).

7. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

## FACTUAL ALLEGATIONS

8. Defendant maintains a data storage and hosting service company in multiple locations in the United States, including Michigan.

9. From June 2022 through August 2024, Plaintiff was employed by Defendant as a data center technician in Southfield, MI.

10. At all material times, Defendant employed similarly situated technicians in Southfield, MI.

11. Plaintiff and other similarly situated technician employees had the same and/or substantially similar job duties and/or responsibilities and were subjected to the same policies and procedures.

12. Defendant classified Plaintiff and other similarly situated technician employees as non-exempt employees.

13. Defendant paid Plaintiff and other similarly situated manufacturing employees a salary.

14. Plaintiff and other similarly situated manufacturing employees regularly worked more than 40 hours per week.

15. Plaintiff estimates that he worked, on average, approximately 50 to 60 hours each week.

**(Failure to Pay for All Hours Worked)**

16. Plaintiff and other similarly situated technician employees were paid a salary regardless of how many hours they worked even though they were non-exempt employees. Any hours the technician employees worked over 40 in a work week were compensated with paid time off. However, that time was paid at the employees' regular hourly rate.

17. By compensating technician employees with paid time off at the employee's regular rate in lieu of overtime compensation, Defendant was able to avoid paying any overtime premiums.

18. In addition to failing to pay overtime, technician employees regularly worked through their lunches. The meal-time, in addition to the regular work hours, meant that technician

employees regularly worked more than forty hours per week and were not paid overtime for those hours.

19. Defendant knew that Plaintiff and other similarly situated technician employees performed work during meal breaks because it required them to perform it, and supervisors observed them performing it.

20. Defendant knew that Plaintiff and other similarly situated technician employees worked unpaid overtime and were provided regular rate paid time off because that was Defendant's policy and practice.

21. As a result of Plaintiff and other similarly situated manufacturing employees not being paid for all hours worked, Plaintiff and other similarly situated manufacturing employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

22. The amount of time Plaintiff and other similarly situated employees spent on this requested and unpaid work amounted to approximately 20 to 30 minutes each day.

**(Failure to Keep Accurate Records)**

23. Upon information and belief, Defendant failed to make, keep, and preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated manufacturing employees employed by Defendant.

24. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

4

26. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former non-exempt technician employees of Continent 8, LLC who worked at its Soughfield, Michigan location at any time between 3 years prior to the filing of this suit and the date of final judgment in this matter.

27. Plaintiff is unable, at this time, to state the exact size of the potential class, but upon information and belief, avers that it consists of more than 100 persons.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former manufacturing employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

29. The similarly situated manufacturing employees are known to Defendant and are readily identifiable through its payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

30. Although the exact amount of damages may vary among the similarly situated employees in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

**COUNT ONE**
**(Fair Labor Standards Act Violations)**

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

33. Defendant's failure to keep records of all the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated manufacturing employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

34. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

35. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing employees have been damages in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class under the FLSA;

F.  Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

G.  Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

H.  Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Robert B. Kapitan*
Robert B. Kapitan (Ohio 0074327)
Anthony J. Lazzaro (Ohio 0077962)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ *Robert B. Kapitan*
Robert B. Kapitan (Ohio 0074327)

One of Plaintiff's Attorneys